IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE DEVINE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5644 |
| | : | |
| PA DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
|     Defendant. | : | |

### MEMORANDUM

**MCHUGH, J.**                                                                                    **NOVEMBER 12, 2025**

*Pro se* Plaintiff Stephanie Devine commenced this civil action by filing a Complaint (ECF No. 2), naming her former employer the Pennsylvania Department of Corrections as a Defendant, and alleging violations of her rights under Title II of the Americans with Disabilities Act of 1990 ("ADA"). Devine also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Devine leave to proceed *in forma pauperis*, dismiss her Complaint for failure to state a claim, and grant her an opportunity to file an amended complaint.

### I.     FACTUAL ALLEGATIONS[1]

Ms. Devine's form Complaint contains very few factual allegations. Devine states that she "was terminated after providing a prescription, [] was not allowed the same services as [her] peers, [] and feels [she] was discriminated against due to the type of medication." (Compl. at 3.) She asserts that she "was not allowed to complete the state treatment program before [she] was

---

[1] The facts are taken from the Complaint (ECF No. 2), for which the Court adopts the sequential pagination supplied by the CM/ECF docketing system.

terminated." (*Id.*)  She states that she filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission on December 16, 2023, and that she received a right-to-sue letter from the EEOC on June 30, 2025.  (*Id.* at 4.)  She seeks to be re-employed, as well as unspecified other forms of relief.  (*Id.* at 5.)

**II.    STANDARD OF REVIEW**

The Court will grant Ms. Devine leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Devine's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Ms. Devine is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented

litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III.  DISCUSSION

Devine asserts that the Defendant violated her rights under the ADA, based on the termination of her employment, a failure to stop harassment, and unequal terms and conditions of her employment. (Compl. at 2-3.) To state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability within the meaning of the ADA, she was "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and she suffered an otherwise adverse employment decision as a result of discrimination." *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220-21 (3d Cir. 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (cleaned up)). A person is disabled within the meaning of the ADA if they: (1) have "'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Eshleman*, 961 F.3d at 245 (quoting 42 U.S.C. § 12102(1)).

Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) [s]he was disabled and his employer knew it; (2) [s]he requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [s]he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin*

*Mem' l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)).  To state a claim for a hostile work environment in the context of the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability under the ADA; (2) she was subject to unwelcome harassment; (3) her employer harassed her because of her disability or because of a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and to cause an abusive working environment; and (5) the defendant employer knew or should have known of the harassment and failed to take prompt effective remedial action.  *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999).

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." *Id*.  This provision is similar to Title VII's prohibition of retaliation.  *See* 42 U.S.C. § 2000e–3(a).  Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII.  *Krouse v. Am. Sterilizer Co*., 126 F.3d 494, 500 (3d Cir. 1997) (citing cases).  A plaintiff states a retaliation claim based on employment discrimination if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII [or here the ADA]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017).  A general complaint about unfair treatment does not

constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

Ms. Devine's Complaint must be dismissed because it contains only conclusory allegations. It provides no specific facts at all; she states only that she "was terminated after she provided a prescription," "was not allowed the same services as [her] peers," "was not allowed to complete the state treatment program before [she] was terminated," and that she was "discriminated against due to the type of medication." Labeling her treatment "discrimination" is a legal conclusion, not a factual allegation, and the Court cannot reach the legal conclusions unless a plaintiff pleads facts to support those conclusions. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

Ms. Devine provides no facts about, for example: when she was hired; when she was terminated; what her position was; what her job duties were; which of her "peers" were treated differently and how; when and to whom she "provid[ed] a prescription" and what the "type of medication" was; and what the "state treatment program" was and how it related either to her medication or her termination. A complaint in a civil action must allege enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation" (cleaned up and citation omitted)). Devine fundamentally fails to "allege sufficient facts in [her] complaint[] to support a claim." *Vogt*, 8 F.4th at 185 (citation omitted); *see also Brister v. Emp. Opportunity & Training Ctr. of Ne. Pa. Inc.*, No. 22-2047, 2023 WL

4424255, at *2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability). Mindful of Ms. Devine's *pro se* status, she will be granted an opportunity to file an amended complaint and provide those missing facts.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Ms. Devine leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Devine may file an amended complaint. An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

 **/s/ Gerald Austin McHugh**
**GERALD A. MCHUGH, J.**

6